OPINION
Applicant, Thomas Brockman, has filed a timely application for reopening pursuant to App.R. 26(B). The applicant is attempting to reopen the appellate judgment rendered by this court in Statev. Brockman (Sept. 2, 1999), Cuyahoga App. No. 74485, unreported, which affirmed the applicant's plea of guilty to two counts of voluntary manslaughter and one count of aggravated robbery. We decline to grant the application for reopening for the following reasons.
The applicant, through his application for reopening, argues that appellate counsel was ineffective as a result of failing to raise on appeal the issues of an improper plea of guilty per Crim.R. 11(C) and ineffective assistance of trial counsel. Resjudicata prevents this court from granting his application for reopening. Errors of law that either were raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from review by the doctrine of res judicata unless circumstances render application of the doctrine unjust. State v. Murnahan
(1992), 63 Ohio St.3d 60.
Herein, the applicant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. In fact, the applicant did file an appeal, pro se, with the Supreme Court of Ohio. In that pro se appeal, the applicant did raise or could have raised the issue of ineffective assistance of appellate counsel. Since the Supreme Court of Ohio dismissed the applicant's appeal on or about January 7, 2000, res judicata, therefore, now bars any further review of this claim. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v.Dehler (1995), 73 Ohio St.3d 307; State v. Terrell (1995),72 Ohio St.3d 247; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
In addition, the doctrine of res judicata bars re-examination of the claim of a defective plea of guilty. In the appeal ofState v. Brockman, supra, the applicant argued through his second assignment of error that his guilty plea was defective. This court, upon a complete and thorough review of the plea of guilty, held that: "* * *, contrary to the defendant's argument, * * * no violation of Crim.R. 11 occurred in the case at bar." See, Statev. Brockman, supra, at p. 8. Thus res judicata bars further review of the claim of a defective plea of guilty, since the claimed error has been previously reviewed by this court. Statev. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560; State v.Hunter (Jan. 25, 1996), Cuyahoga App. Nos. 68447, 68448, 68449, 68450, 68451, 69306, unreported, reopening disallowed (May 15, 1997), Motion No. 80584. See, also, 26(B)(2)(c).
Finally, a substantive review of the brief in support of the application for reopening fails to support the claim of ineffective assistance of appellate counsel. Appellate counsel is not required to raise and argue meritless assignments of error.Jones v. Barnes (1983), 463 U.S. 745. This court's consideration of the applicant's proposed assignments of error, as raised through the application for reopening, would not have resulted in a reversal of the plea of guilty to the offenses of voluntary manslaughter and aggravated robbery. Strickland v. Washington
(1984), 466 U.S. 668; State v. Smith (1985), 17 Ohio St.3d 98;Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
Accordingly, the application for reopening is denied.
LEO M. SPELLACY, J., and KENNETH A. ROCCO, J., CONCUR.
 ___________________________________ DIANE KARPINSKI PRESIDING JUDGE